Philip D. Dracht, #11561
FABIAN & CLENDENIN, P.C.
215 South State Street, Ste. 1200
Salt Lake City, UT 84111
Telephone: (801) 531-8900
Facsimile:  (801) 531-1716
pdracht@fabianlaw.com

Attorneys for Deutsche Bank National Trust Company as Trustee for BCAP LLC Trust 2007-AA2; Recontrust Company, N.A., and BAC Home Loans Servicing, L.P.

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF UTAH

| | |
|---|---|
| ALLEN R. HAKES,<br><br>Plaintiff,<br><br>v.<br><br>DEUTSCHE BANK NATIONAL TRUST COMPANY, as Trustee on behalf of BCAP LLC Trust 2007-AA2, a National Association; RECONTRUST COMPANY, N.A., a National Association; BAC HOME LOANS SERVICING, L.P., a Texas Limited Partnership; and DOEs 1-10,<br><br>Defendants. | Case No. 2:11-cv-00663-DB<br><br>**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' VERIFIED COMPLAINT PURSUANT TO FED.R.CIV.P. 12(b)(6)** |

Deutsche Bank National Trust Company as Trustee for BCAP LLC Trust 2007 - AA2 ("Deutsche Bank"), ReconTrust Company, N.A. ("ReconTrust"), and BAC Home Loans Servicing, L.P., ("BAC") (collectively "Defendants") by and through their undersigned counsel, hereby submit their Memorandum in Support of Motion to Dismiss Plaintiff's Verified Complaint Pursuant to Fed.R.Civ.P. 12(b)(6), as follows:

## I.   INTRODUCTION

Plaintiff does not dispute that he knew of all the facts alleged in his Complaint before he filed the previous action (the "First Action"), which arose out of the same mortgage loan (the "Loan") at issue in this action. Similarly, Plaintiff does not dispute that the Defendants in this action are the same parties, or in privity with the same parties, as those who were named as Defendants in the First Action.[1] Yet, despite these facts, Plaintiff still contends that the doctrine of claim preclusion does not operate as a bar to this entire action—merely because he has changed the legal theories upon which he asserts a right to relief.

While Plaintiff's contention may be convenient, it is unavailing. The First Action was dismissed by this Court, with prejudice, for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6).[2] In the Tenth Circuit, a party cannot avoid the doctrine of claim preclusion by asserting a new legal theory that it failed to assert in a previous action. Claim preclusion not only bars claims that were actually brought, but also those that *could* have been brought. Further, under Plaintiff's theory, litigation would never truly end; a party could test one legal theory, lose, and then refile a new lawsuit based on a previously-available legal theory—a process that would continue *ad infinitum.*

If Plaintiff believed that the "new" claims asserted in his Complaint were truly meritorious, then he should have asserted them in the First Action. Alternatively, he could have

---

[1] The Defendants in the First Action included, as relevant here, Mortgage Electronic Registration Systems, Inc., ("MERS"), Deutsche Bank, and ReconTrust.

[2] As identified in the Motion to Dismiss filed Aug. 15, 2011, Docket Entry No. 16, the First Action alleged claims arising out of the same mortgage loan (the "Loan") that is the subject of this action, and the Order of Dismissal expressly stated that it was with prejudice. *See* Memo. Dec. and Order dated May 23, 2011, in case no. 11-cv-00001-TS, Docket Entry No. 32, attached as <u>Exhibit C</u> to Defs.' Mot. to Dismiss.

2

timely appealed the Order of Dismissal that disposed of the First Action to the Tenth Circuit Court of Appeals. However, he failed to do so, and all his claims, pled and un-pled, merged into that final judgment. Accordingly, each of the three elements of claim preclusion are satisfied, and therefore this entire action is barred and should be dismissed, with prejudice.

Additionally, even putting the claim preclusion issue aside, Plaintiff has failed to demonstrate that his Complaint states a plausible claim for relief. At bottom, his claims seek to hold the Defendants liable for failing to modify his Loan, even though he did not qualify and the plain language of the HAMP Trial Period Plan states that no modification will be enforceable until a modification agreement is executed by all parties to the Loan. While Plaintiff spends 26 pages making arguments that are, at various points, contrary to the Complaint, not supported by the Complaint, or unsupported by established law, he has failed to show an entitlement to relief under the Federal Rules of Civil Procedure. Accordingly, for these reasons as well, this action should be dismissed with prejudice.

## II.   LEGAL ARGUMENT

**A.   <u>Plaintiff Cannot Re-file The Same Lawsuit Until He Finds A Theory That Prevails</u>.**

Plaintiff's claims are barred by the doctrine of claim preclusion, because they could have been asserted in the First Action, which was dismissed with prejudice pursuant to Fed. R. Civ.P. 12(b)(6). There are three elements that must be satisfied for a claim to be barred by the doctrine of claim preclusion: (1) a final judgment on the merits in an earlier action; (2) identity of parties or privies in the two suits; and (3) identity of the cause of action in both suits. *See, e.g., Wilkes v. Wyoming Dept. of Employment Div. of Labor Standards,* 314 F.3d 501, 504 (10th Cir. 2002); *Yapp v. Excel Corp.*, 186 F.3d 1222, 1226 (10th Cir. 1999). In successive diversity actions where the first action terminated in a dismissal with prejudice, the federal court must apply the

federal common law of claim preclusion, even if the dismissal of the first action was based on state law.  *See, e.g., Dodge v. Cotter Corp.,* 203 F.3d 1190, 1197-1198 (10th Cir. 2000); *In re Corey*, 583 F.3d 1249, 1251 (10th Cir. 2009).  Claim preclusion bars not only claims that were actually brought, but any claims that could have been brought in the initial proceeding.  *See, e.g., MACTEC, Inc. v. Gorelick,* 427 F.3d 821, 831 (10th Cir. 2005).

Here, Plaintiff does not materially contest the first two elements of claim preclusion—the issuance of a final judgment or an identity of parties.  Nor could he, as it is well-established that a dismissal under Fed. R. Civ. P. 12(b)(6), that is entered expressly with prejudice as to all claims, is a final judgment on the merits, and the same essential parties to his Loan are named in both actions as Defendants.  *See, e.g., Paganis v. Blonstein,* 3 F.3d 1067, 1071 (7th Cir. 1993); Fed. R. Civ. P.  41(b).  Instead, he focuses on the third element, identity of the causes of action and what he believes is a fourth element, but is instead an exception to claim preclusion, the full and fair opportunity to litigate.  *See* Pl.s' Resp., 3-5.  We address each of these issues in this order.

Plaintiff argues that the requirement for an identity between causes of action in the First Action and this action is not satisfied.  *See id.* at 4-5.  However, in accordance with § 24 of the Rest. (Second) of Judgments, the Tenth Circuit has adopted a very broad "transactional" approach to determining whether causes of action asserted in two lawsuits share an identity for purposes of claim preclusion.  *See Yapp v. Excel Corp.*, 186 F.3d 1222, 1227-28 (10th Cir. 1999).  The scope of a cause of action under the transactional approach "recognizes that a 'contract' is generally considered to be a 'transaction,' so that all claims of contractual breach not brought in an original action would be subject to bar of claim preclusion, so long as the

breaches antedated the original action." *May v. Parker-Abbott Transfer and Storage, Inc*., 899 F.2d 1007, 1010 (10th Cir. 1990) (citing § 25 Rest. (Second) of Judgments cmt. b)).

Thus, the transactional approach recognizes that the scope of a cause of action includes not only one occurrence, but may also include a series of occurrences that arise from the same legal relationship.  *See, e.g., Clark v. Haas Group, Inc.,* 953 F.2d 1235, 1239 (10th Cir. 1992) (Plaintiff's employment with the defendant-employer constituted a transaction); *Prospero Associates v. Burroughs Corp.*, 714 F.2d 1022, 1027-28 (10th Cir. 1983) (entire contractual relationship between the parties, and all the potential breaches thereof, constituted a transaction). Recently, the Third Circuit Court of Appeals applied the doctrine of claim preclusion under similar circumstances to those present here—a borrower bringing successive lawsuits against his mortgagee (or its agents), in which the claims arose out of his mortgage loan and the first lawsuit was dismissed with prejudice. *See Taggart v. Chase Bank USA, N.A*., 375 Fed. Appx. 266, 268, 2010 WL 1473728 at *2 (3rd Cir. April 14, 2010).

The Third Circuit held that the mortgage loan and the parties dealings in relation to the loan, constituted a transaction for purposes of claim preclusion.  *See id.* ("Even though his second complaint relies on new violations and different legal theories under the Fair Credit Reporting Act, the Real Estate Settlement Procedures Act ("RESPA"), and the Fair Debt Collections Practices Act, Taggart is merely attempting to split a cause of action, which he is not permitted to do.")  Indeed, it is settled in the Tenth Circuit that "[w]hile defining a transaction for purposes of claim preclusion will often prove difficult in varying factual contexts, we see no reason to depart from the bright line standard that all contractual breaches should be raised in a single action." *Petromanagement Corp. v. Acme-Thomas Joint Venture*, 835 F.2d 1329, 1336 (10th Cir. 1988); *see also, e.g.,* Rest. (Second) of Judgments § 25.

Here, the transaction at issue in both the First Action and this action is Plaintiff's Loan—which is a contract comprised of a promissory note and a deed of trust.  *See* Compl. filed in 11-cv-00001-TS, Docket Entry No. 2-1, attached as <u>Exhibit A</u>, ¶¶ 1-12; *see also* Compl. filed in 11-cv-663-DN, Docket Entry No. 2-4, ¶¶ 1-11.  Both the Complaint filed in the First Action and the Complaint filed in this action alleged the foreclosure upon the Loan was invalid.  *See* <u>Ex. A</u>, ¶¶ 67-72; *see also, e.g.,* Compl. filed in 11-cv-663-DN, Docket Entry No. 2-4, ¶ 126, ¶ 134, Prayer for Relief, p. 22, ¶¶ 10-14.  Moreover, each Complaint sought the same relief—a Court order to stop or enjoin the foreclosure of the same property.  *See* <u>Ex. A</u>, ¶¶ 67-72; *see also* Compl. filed in 11-cv-663-DN, Docket Entry No. 2-4, ¶ 126, ¶ 134, Prayer for Relief, p. 22, ¶¶ 10-14.

Accordingly, because the two cases arise from the same "transaction,"—the relations between the parties related to the enforceability of the Loan, as well as the foreclosure—there is an identity of the causes of action asserted in both cases, such that claim preclusion applies to bar this lawsuit in its entirety.  Indeed, the proposed Amended Complaint filed in the First Action, but later rejected as untimely, is nearly identical to the Complaint asserted in this action, and Plaintiff had knowledge of all the material facts asserted in those pleadings when he commenced the First Action in state court.  As aptly stated by the Tenth Circuit Court of Appeals, "[i]nasmuch as the doctrine of res judicata precludes parties from relitigating issues that were or could have been raised, parties cannot defeat its application by simply alleging new legal theories."  *Clark v. Haas Group, Inc.,* 953 F.2d 1235, 1238 (10th Cir. 1992) (collecting authorities).

Plaintiff also contends that he was not provided a "full and fair" opportunity to litigate in the First Action, because the Court rejected his untimely and improper attempt to file an Amended Complaint.  *See* Pl.s' Resp., 3-4.  The opportunity to fully and fairly litigate a matter is

an exception to claim preclusion, not an element, in the Tenth Circuit. *See Yapp v. Excel Corp.*, 186 F.3d 1222, 1227 n. 4 (10th Cir. 1999). For the Plaintiff to satisfy his burden to show that he was denied a full and fair opportunity to litigate, he would have to demonstrate that he was denied fundamental fairness. *See SIL-FLO, Inc. v. SFHC, Inc.*, 917 F.2d 1507, 1521 (10th Cir. 1990). An erroneous legal ruling, however, is insufficient to demonstrate the denial of a full and fair opportunity to litigate, because a litigant who makes such a challenge is attempting "to achieve through the back door what it cannot do directly: that is, bring a subsequent action challenging a legal ruling in a prior action." *See id.*

For this reason, federal courts have uniformly rejected the argument that a denial of leave to amend, especially where the request violates the applicable Rule of Procedure, denied the litigant a full and fair opportunity to litigate. *See, e.g., Petromanagement Corp. v. Acme-Thomas Joint Venture,* 835 F.2d at 1334 (10th Cir. 1988); *Nilsen v. City of Moss Point, Miss., Nilsen v. City of Moss Point, Miss.,* 701 F.2d 556, 563 (5th Cir. 1983) ("In these circumstances, both courts and commentators agree that theories which were the subject of an untimely motion to amend, filed in the earlier action, 'could have been brought' there.") *Poe v. John Deere Co.,* 695 F.2d 1103, 1107 (8th Cir.1982); Restatement (Second) of Judgments § 25 cmt. b. Here, as explained in the Motion to Dismiss, it was the Plaintiff who filed failed to assert all of his claims in the First Action, who failed to timely and properly seek leave to amend, and who failed to file an appeal to the Tenth Circuit Court of Appeals. Represented by counsel, it was the Plaintiff's responsibility to comply with the Rules of Civil Procedure, and that failure to comply, rather than any ruling by the Court, is what deprived him of the opportunity to litigate. Taken as a whole, if Plaintiff's arguments were accepted, litigation would never reach a conclusion, and the

cardinal principle of finality would be rendered meaningless.  This entire action is barred by the doctrine of claim preclusion and should be dismissed with prejudice.

**B.     Plaintiff's Claims Are Disguised HAMP Claims And Should Be Dismissed.**

Plaintiff argues that he is not seeking to enforce a private right of action under the Home Affordable Modification Program ("HAMP").  The Complaint, viewed in totality, tells a different story.  Nearly every factual allegation of wrongful conduct directly relates to Plaintiff's failed to attempt to obtain a HAMP modification.  *See* Pl.'s Compl., ¶¶ 12-56.  The reason that Plaintiff is purportedly entitled to the relief he seeks—halting the foreclosure—is because the Defendants failed to provide him a HAMP modification or failed to properly handle the HAMP modification process.  *See id.* at ¶¶ 57-134, ¶¶ 85-98.  In short, the relief sought, and the basis for that relief, arises solely from HAMP.

Despite this, and the fact that Plaintiff asserts two breach of contract claims to directly and unequivocally enforce a HAMP modification, he contends that he is asserting a cause of action not for the modification for which he plainly requests, but instead, for the purported wrongdoing that occurred during the HAMP modification process.  *See* Pl.'s Resp., 7.  If this were accurate, then there would be no legal basis to stop the foreclosure upon Plaintiff's defaulted Loan, since the note and deed of trust remain enforceable.  The vast majority of federal courts have rejected Plaintiff's line of reasoning, which relies on a tortured reading of his Complaint and achieves a result indistinguishable from a private right of action under HAMP.

The trend began with the Federal District Court for the District of Oregon.  *See Vida v. OneWest Bank, F.S.B.*, 2010 WL 5148473 at *5 (D. Or. Dec. 13, 2010) ("The flaw in Vida's logic is that the alleged offer to modify came about and was made wholly under the rubric of HAMP, as were Vida's alleged actions in acceptance of the offer.")  Following similar

8

reasoning, a Federal District Court for the Northern District of Illinois reached a similar conclusion, dismissing a plaintiff's state-law claims that arose out of oral representations made by the lender during the HAMP review period. *See Wigod v. Wells Fargo Bank, N.A.,* 2011 WL 250501 at *5 (N.D. Ill. January 25, 2011). Since these two decisions were issued, the vast majority of courts have reached similar results, *see, e.g., Bourdelais,* 2011 WL 1306311 at * 4 (E.D. Va. April 1, 2011); *Brown v. Bank of New York Mellon,* 2011 WL 206124 at*2-3 (W.D. Mich. Jan. 21, 2011), and no persuasive reason has been provided by the Plaintiff as to why this Court should depart from its previous decisions on this question, *see, e.g., Terry v. IndyMac Mortg. Servs.,* 2011 WL 2112033, at *1 (D. Utah May 26, 2011); *Andersen v. Homecomings Financial, LLC,* 2011 WL 2470509 at *8 (D. Utah June 20, 2011).

Accordingly, the Complaint should be dismissed, with prejudice. Each claim is, in substance, an attempt to disguise a private cause of action under HAMP as a state-law claim. Further, it is undisputed that Plaintiff did not receive a final, executed Modification Agreement—and thus the original terms of the note and deed of trust permitting foreclosure remained in effect. Unless Plaintiff is willing to concede that the foreclosure can proceed, which he is not, then he cannot logically adhere to the arguments in his Response.

C. **Plaintiff Fails To State A Plausible Claim For Additional Reasons.**

1. **Plaintiff's tort claims are barred by the economic loss rule.**

Plaintiff contends that his tort claims are not barred by the economic loss rule, for two reasons. First, Plaintiff contends that because he purportedly suffered emotional distress, he has alleged "bodily injury" and thus his claims fall outside the scope of the economic loss rule. Second, Plaintiff claims that Defendants owed him duties independent of any contract, and thus his tort claims do not arise from a contractual duty. Both of these arguments fail, because each

9

ignores the source of the duty that pervades the entire Complaint, which arises from the purported contract to provide him a loan modification under HAMP.

In Utah to determine whether the economic loss rule applies, the Court must undertake a two-step inquiry. First, "[w]here the economic loss rule is at issue, the 'initial inquiry' becomes "whether a duty exists independent of any contractual obligations between the parties." *Hermansen v. Tasulis,* 48 P.3d 235, 240 (Utah 2002). Second, "if an independent duty exists under the law, 'the economic loss rule does not bar a tort claim because the claim is based on a *recognized* independent duty of care and thus does not fall within the scope of the rule.' " *Davencourt at Pilgrims Landing Homeowners Ass'n v. Davencourt at Pilgrims Landing, LC,* 221 P.3d 234, 244 (Utah 2009) (quoting *Town of Alma v. Azco Constr., Inc.,* 10 P.3d 1256, 1263 (Colo.2000) (emphasis added)). In essence, the economic loss rule "marks the fundamental boundary between contract law, which protects expectancy interests created through agreement between the parties, and tort law, which protects individuals and their property from physical harm by imposing a duty of reasonable care." *Sunridge Development Corp. v. RB & G Engineering, Inc.,* 230 P.3d 1000, 1006 (Utah 2010).

Here, the source of the duty alleged by the Plaintiff is contractual, and arises from two potential sources: (1) the purported contract between the parties to provide the Plaintiff a loan modification under HAMP, or (2) the contract embodied by the note and deed of trust under the Loan. The sole reason the parties have any connection is because of the Loan, and all of Plaintiff's claims arise out of that indisputably contractual agreement. It would be incongruent to hold that Defendants owed Plaintiff only a contractual duty under the Loan, but then create tort duties when the parties negotiated to modify the Loan. Thus, under the first step of the economic loss analysis, it is apparent that all of Plaintiff's tort claims are barred.

Plaintiff nevertheless cites to three purportedly independent duties that were owed by the Defendants, as an exception to the economic loss rule.  *See* Pl.'s Resp., 10-14.  However, this exception to the economic loss rule requires a showing of a *recognized* duty that is independent of the contract.  *Davencourt,* 221 P.3d at 244 (Utah 2009).  None of the duties discussed by the Plaintiff have been recognized as independent of the contractual relationship between a borrower and lender.  To the contrary, Utah generally does not recognize a fiduciary relationship between a borrower and lender, except in exceptional circumstances.  *See State Bank of Southern Utah v. Troy Hygro Systems, Inc.,* 894 P.2d 1270, 1275 (Utah App. 1995).  Here, no such circumstances have been plausibly alleged—especially where the Plaintiff was the one to initiate the modification negotiations, and the documents he received stated that no modification would be enforceable until a signed agreement was executed by all parties.

In a similar vein, the statutory duty that Plaintiff relies on under Utah Code § 70D-3-401, *et seq.,* fails as a matter of law because there is no private right of action under the Financial Institution and Loan Originator Act.  Instead, enforcement authority is vested solely in a Commissioner, who has certain statutory and administrative powers to enforce violations of the Act, assuming it applies to the Defendants.  *See* Utah Code § 70D-3-501; *see also, e.g.,* Utah Code § 70D-2-506.  Further, Plaintiff's reference to a purported duty of due care and good faith is not alleged in his Complaint, and is duplicative of his claim for breach of the duty of good faith and fair dealing, which fails because it is contrary to the plain language of the Trial Period Plan, the Loan documents, and other HAMP documentation.  *See, e.g., Oakwood Village LLC v. Albertsons, Inc.*, 104 P.3d 1226, 1239-40 (Utah 2004).

Finally, Plaintiff's contention that he plausibly alleged "bodily injury" because he has suffered emotional distress is without merit.  Several courts have held that a bald allegation of

11

emotional distress arising from a contractual obligation cannot be used to avoid the economic loss rule. For example, the Washington Court of Appeals specifically addressed a claim for emotional distress related to the alleged mishandling of a mortgage and the resulting foreclosure in *Davis v. Wells Fargo Home Mortgage*, 139 Wash. App. 1061 (Wash. App. Div. 2 2007), and held that such an allegation in insufficient to escape the economic loss rule, because the underlying duty arose from a contractual agreement. *See, e.g., Pfau v. Washington Mut., Inc.*, 2009 WL 484448 at *10 (E.D. Wash. Feb. 24, 2009); *see also Geico Cas. Co. v. Arce* 333 Fed. Appx. 396, 397-398, 2009 WL 1298404 at *1 (C.A.11 (Fla. (11th Cir. May 12, 2009) (rejecting similar allegation in context of auto insurance litigation). Here, "bodily injury" cannot be equated with emotional distress, and Plaintiff has failed to demonstrate that any such harm had its genesis outside of an alleged contractual obligation.

### 2. Plaintiff's Remaining Arguments Are Without Merit.

Plaintiff's remaining arguments regarding his claims for breach of fiduciary duty, breach of an express an oral contract, breach of the duty of good faith and fair dealing, promissory estoppel, and declaratory judgment fail for the reasons stated in the Motion to Dismiss and the instant Reply. Hyperbole and unrealistic hypotheticals do not suffice to show that the Complaint states a plausible claim. Accordingly, further response on these claims and issues is unnecessary.

### III. CONCLUSION

Plaintiff's Complaint should be dismissed, with prejudice. This action is barred by the doctrine of claim preclusion, and this action is merely an attempt to circumvent Plaintiff's failure to timely appeal the First Action. Moreover, Plaintiff's Complaint arises from a failed HAMP modification for which he did not qualify, and no private right of action, no matter how

disguised, should be permitted. Finally, Plaintiff's tort claims are barred by the economic loss rule or otherwise fail for the reasons stated in the Motion to Dismiss and the instant Reply. This action has already been disposed of once, and it should have never been re-filed in state court.

DATED this 20th day of October, 2011.

>Respectfully submitted,
>
>*s/ Philip D. Dracht*
>Philip D. Dracht, #11561
>FABIAN & CLENDENIN, P.C.
>215 South State Street, Ste. 1200
>Salt Lake City, UT 84111
>Telephone: (801) 596-2814
>Telefax:     (801) 596-2814
>Email: pdracht@fabianlaw.com
>*Attorneys for Defendants Deutsche Bank National Trust Co. as Trustee for BCAP LLC Trust 2007-AA2; Recontrust Company, N.A., and BAC Home Loans Servicing, L.P.*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this 20th day of October, 2011, the foregoing **Reply in Support of Motion to Dismiss** was filed with the Clerk of the Court via email at newcases@cod.uscourts.gov.

Abraham Bates, Esq.
Wasatch Advocates, LLC.
2825 E. Cottonwood Pkwy, Suite 500
Salt Lake City, UT 84121

>*s/ Philip D. Dracht*