Philip D. Dracht, #11561
FABIAN & CLENDENIN, P.C.
215 South State Street, Ste. 1200
Salt Lake City, UT 84111
Telephone: (801) 531-8900
Facsimile:  (801) 531-1716
pdracht@fabianlaw.com

Attorneys for Deutsche Bank National Trust Company as Trustee for BCAP LLC Trust 2007-AA2; Recontrust Company, N.A., and BAC Home Loans Servicing, L.P.

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH**

| | |
|---|---|
| ALLEN R. HAKES,<br><br>         Plaintiff,<br><br>v.<br><br>DEUTSCHE BANK NATIONAL TRUST COMPANY, as Trustee on behalf of BCAP LLC Trust 2007-AA2, a National Association; RECONTRUST COMPANY, N.A., a National Association; BAC HOME LOANS SERVICING, L.P., a Texas Limited Partnership; and DOEs 1-10,<br><br>         Defendants. | Case No. 2:11-cv-00663-DB<br><br><br>**NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS** |

Deutsche Bank National Trust Company as Trustee for BCAP LLC Trust 2007 - AA2 ("Deutsche Bank"), ReconTrust Company, N.A. ("ReconTrust"), and BAC Home Loans Servicing, L.P., ("BAC") respectfully submit this Notice of Supplemental Authority in Support of their Motion to Dismiss.

1.      Defendants filed their Motion to Dismiss on October 15, 2011. (ECF No. 16). They filed their Reply in support of their Motion to Dismiss on October 20, 2011. (ECF No. 23).

2. On December 21, 2011, the Court entered the attached Order in the case styled as *Garrett v. ReconTrust Company, N.A.*, No. 2:10-cv-00763-DS.[1] Accordingly, the attached Order was not available to Defendants at the time they submitted the filings identified in paragraph 1.

3. The attached Order supports Defendants' Motion to Dismiss. In analyzing a complaint alleging facts and legal theories identical to those in this case, this Court in *Garrett* granted the defendants' motion to dismiss with prejudice for identical reasons and arguments articulated by Defendants' Motion to Dismiss in this case as to Defendant's Claim for Declaratory Relief.

4. The Court in *Garrett* dismissed with prejudice, the plaintiff's complaint that relied on the theory that pursuant to UTAH CODE ANN. § 57-1-21 ReconTrust Company, N.A. ("ReconTrust") lacks the power of sale in Utah. *Garrett* found that pursuant to 12 U.S.C. § 92a, Texas, and not Utah law is the state law of reference and, therefore, "UTAH CODE ANN. § 57-1-21(3) is inapplicable." Ex. A. at 2.

5. As argued in this case, *Garrett* held:

> Section 92a of the NBA ties the state law at issue in this case to where the national bank is "located." Additionally, the OCC has interpreted that phrase to mean a national bank is "located" only where it "acts in a fiduciary capacity." 12 C.F.R. §§ 9.7(b) and (e)(1). ReconTrust performs all fiduciary duties at issue in this case in Texas.
>
> * * *
>
> Therefore, the state laws that apply to ReconTrust by virtue of Section 92a are those of Texas, rather than Utah. Since Texas law permits national banks to act as trustee under the deeds of trust and to exercise the power of sale with regard to such deeds of trust (*See* Tex. Fin. Code Ann. §§ 32.001, 182.001; Tex. Prop. Code

---

[1] The *Garrett* Order is attached hereto as **Exhibit A**.

2

Ann. §§ 51.0001, 51.0074), ReconTrust is not "acting in contravention of State Law" of the state in which it is "located" for purposes of 12 U.S.C. § 92a and 12 C.F.R. § 9.7 when it performs trustee sales with respect to Utah properties.

Ex. A. at 3-4.

6.   The *Garrett* opinion is significant because it was the first issued opinion that had the benefit of full briefing on 12 C.F.R. §9.7(d) and the opinion itself addresses the relevance and role of the federal regulation.

7.   On February 8, 2012, this Court entered the attached Memorandum Opinion (the "Opinion") in the case styled as *Dutcher v. Matheson, et al.*, No. 2:11-cv-00666-TS.[2] Accordingly, the attached Opinion was not available to Defendants at the time they submitted the filings identified in paragraph 1.

8.   The attached Opinion supports Defendants' Motion to Dismiss.  In analyzing a complaint alleging facts and legal theories identical to those in this case, the Honorable Ted Stewart in *Dutcher* granted the defendants' motion to dismiss with prejudice for identical reasons and arguments articulated by Defendants' Motion to Dismiss in this case.

9.   This Court in *Dutcher* dismissed, with prejudice, the plaintiff's complaint that relied on the theory that pursuant to UTAH CODE ANN. § 57-1-21 ReconTrust Company, N.A. ("ReconTrust") lacks the power of sale in Utah.  *Dutcher* found that pursuant to 12 U.S.C. § 92a, Texas, and not Utah law, is the state law of reference.  "Both the language of 12 C.F.R. § 9.7 and the collection of post § 9.7 OCC opinion letters on the issue indicate that Texas law should inform the application of the NBA to Recon[Trust] in this case."  Ex. A at 9.

---

[2]   The *Dutcher* Memorandum Opinion is attached hereto as **Exhibit B**.

3

10. As argued in this case, citing to 12 C.F.R. § 9.7(d), *Dutcher* held:

"[T]he state laws that apply to a national bank's fiduciary activities by virtue of 12 U.S.C. 92a are the laws of the state in which the bank acts in a fiduciary capacity." A national bank acts in a fiduciary capacity in the state in which it accepts the fiduciary appointment, executes the documents that create the fiduciary relationship, and makes discretionary decisions regarding the investment or distribution of fiduciary assets. If these activities take place in more than one state, then the state in which the bank acts in a fiduciary capacity for section 92a purposes is the state that the bank designates from among those states.

\* \* \*

Thus, in this case, if Recon accepted its appointment as trustee in Utah, executed the substitution of trustee documents in Utah, and made decisions about trust assets in Utah, then Utah law applies. Recon argues, however, that all such activity took place in Texas, and therefore Texas law should apply. The Court must determine where Recon is located. Once that determination is made, only the law of the location state applies. "Except for the state laws made applicable to national banks by virtue of 12 U.S.C. 92a, state laws limiting or establishing preconditions on the exercise of fiduciary powers are not applicable to national banks."

\* \* \*

To determine where Recon[Trust] is located as to the fiduciary relationships in question, the Court must ascertain: (1) where Recon[Trust] accepted its fiduciary appointment; (2) where Recon[Trust] executed the documents creating the relationship; and (3) where Recon[Trust] makes its discretionary decisions regarding the investment or distribution of the fiduciary assets. Several documents submitted by Recon[Trust] are helpful on this point. The substitution of trustee documents as to these properties were signed by the beneficiary bank in Texas, and Recon[Trust] lists a Texas address for return mail. Furthermore, the notices of default executed by Recon[Trust] were signed and notarized in Texas and had Texas return addresses. These facts are uncontested and tend to establish that Recon[Trust] was making its foreclosure decisions, as well as accepting its appointments, in Texas.[3]

---

[3] Ex. B. at 7-8. 11-12.

*Dutcher* also cited favorably to *Garrett* – which Defendants brought to this Court's attention in an earlier Notice of Supplemental Authority dated December 23, 2011 – stating, "the Court finds that the reasoning of *Garrett* more persuasive." The *Garrett* opinion is significant because it was the first issued opinion that had the benefit of full briefing on 12 Accordingly, Defendants respectfully request that this Court take into consideration this supplemental authority in deciding Defendants' Motion to Dismiss.

DATED: February 9, 2012

Respectfully submitted,

*s/ Philip D. Dracht*
Philip D. Dracht, #11561
FABIAN & CLENDENIN, P.C.
215 South State Street, Ste. 1200
Salt Lake City, UT 84111
Telephone: (801) 596-2814
Telefax: (801) 596-2814
Email: pdracht@fabianlaw.com
*Attorneys for Defendants Deutsche Bank National Trust Co. as Trustee for BCAP LLC Trust 2007-AA2; Recontrust Company, N.A., and BAC Home Loans Servicing, L.P.*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on February 9, 2012, the foregoing was filed with the Clerk of the Court uploaded to ECF and electronically served on all parties represented by counsel.

Abraham Bates, Esq.
Wasatch Advocates, LLC.
4525 Wasatch Boulevard, Ste. 300
Salt Lake City, UT 84124
*Attorneys for Plaintiffs*

*s/Philip D. Dracht*
Philip D. Dracht, #11561
FABIAN & CLENDENIN, P.C.
215 South State Street, Ste. 1200
Salt Lake City, UT 84111
Tel:  (801) 323-2251
Fax:  (801) 596-2814
pdracht@fabianlaw.com
